IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDRIC BELL                         :

                                     :

v.                                   :   Civil Action No. DKC 26-2120

                                     :

TERRY ALFONSI, et al.                :

                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this fraud case is a motion for alternative service of process filed by Plaintiff Fredric Bell. (ECF No. 9). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

## I.   Background

Plaintiff filed this action on May 28, 2026, alleging that Defendants Terry Alfonsi ("Ms. Alfonsi") and Kisoly International Corp., LLC ("Kisoly International"), fraudulently exploited Plaintiff to obtain over $1.7 million. (ECF No. 1). Plaintiff is an 84-year-old United States Army veteran with Alzheimer's disease. (*Id*. ¶ 1). The complaint alleges that "Ms. Alfonsi represented to [Plaintiff] that he was investing in Kisoly International," a liquor distribution company, (*id*. ¶ 4), which Ms. Alfonsi created and controls, (*id*. ¶¶ 26-28). The complaint alleges that Ms. Alfonsi wrongfully diverted Plaintiff's assets

for her personal use without providing Plaintiff any benefit or legitimate investment. (*Id*. ¶ 31). Plaintiff has not successfully effectuated service on Defendants, despite numerous attempts. Plaintiff filed a motion for alternative service on June 15, 2026. (ECF No. 9).

Plaintiff attaches five affidavits of attempted service to the instant motion signed by professional servers Jessica Fox ("Ms. Fox") and Jason Bridges ("Mr. Bridges") under penalty of perjury. (ECF Nos. 9-4; 9-5; 9-6; 9-7; 9-8). The attached affidavits show that Ms. Fox made two attempts to serve Kisoly International and one attempt to serve Ms. Alfonsi at an address in Rockville, Maryland.[1] Plaintiff identifies the Rockville address as Ms. Alfonsi's primary address and corporate records indicate it is also Kisoly International's service address. (ECF No. 9, at 2). The attached affidavits also show that Mr. Bridges attempted to serve Ms. Alfonsi and Kisoly International at a condominium Ms. Alfonsi owns in Washington, D.C. (ECF Nos. 9-6; 9-7).

Ms. Fox first attempted to serve Defendants at the Rockville address on June 2, 2026. An individual answered the door but stated that Ms. Alfonsi had moved. (ECF Nos. 9-4; 9-5). On June

---

[1] Ms. Alfonsi is the registered service agent for Kisoly International. (ECF No. 9, at 2).

3, 2026, Mr. Bridges attempted to serve Defendants at the condominium in D.C., but there was no answer. Mr. Bridges spoke with Ms. Alfonsi on the telephone on June 4, 2026, and she requested that the paperwork be sent to the Rockville address. (ECF No. 9-6, at 2).

On June 8, 2026, Ms. Fox attempted to serve Kisoly International at the Rockville address a second time. An individual Ms. Fox believed was Ms. Alfonsi answered the door, but the individual denied being Ms. Alfonsi. (ECF No. 9-8, at 2). Ms. Fox states she believes the resident is Ms. Alfonsi and is "lying to dodge service." (*Id*.). Plaintiff's counsel noted that he "expects to receive from the process server a similar signed affidavit of attempted service on June 8 for Ms. Alfonsi." (ECF No. 9, at 3 n.2).

## II.  Analysis

### A.   Plaintiff's Motion for Alternative Service of Process

Fed.R.Civ.P. 4(e)(1) provides that an individual defendant may be served pursuant to "state law . . . in the state where the district court is located." Rule 4(h) provides, in pertinent part, that "other unincorporated" associations, such as an LLC, can be served in the same manner as individual defendants or:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed.R.Civ.P. 4(h)(1).  Maryland Rule 2-124(h) states that service on an LLC is made upon its registered agent.  Under Maryland law, service is accomplished in any of the following ways:

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Md. Rules 2-121(a).  When a defendant is evading service, Maryland Rule 2-121(b) applies and provides that:

> When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a

> person of suitable age and discretion at the place of business of the defendant.

Md. Rules 2-121(b).   Finally, Maryland Rule 2-121(c) governs alternative service of process and provides that:

> When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

Md. Rules 2-121(c).

Plaintiff has provided evidence of multiple unsuccessful service attempts.   (ECF Nos. 9-4; 9-5; 9-6; 9-7; 9-8).   Service under Md. Rule 2-121(a) has failed.   Md. Rule 2-121(b) then requires an affidavit establishing "defendant has acted to evade service."   Ms. Fox's affidavit stating she believes the resident of the Rockville address is Ms. Alfonsi and is "lying to dodge service" satisfies this requirement.   (ECF No. 9-8).   Continuing to attempt service under Md. Rule 2-121(b) is impracticable for several reasons.   First, Plaintiff alleges that the place of business for Kisoly International is "a warehouse that does not appear to be regularly staffed."   (ECF No. 9, at 6).   Second, Ms. Alfonsi allegedly works for the federal government at a location

a process server could not access. (*Id*.). Third, the conflicting accounts of whether the Rockville address is Ms. Alfonsi's primary residence makes service by mail alone impracticable. Thus, Md. Rule 2-121(c) controls given the impracticability of service under Md. Rule 2-121(b).

To pass constitutional muster, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920-21 (4th Cir. 1996). "When available, the combination of the two service options of mailing to the last known address and posting service on the door of that address, sometimes referred to as 'nail and mail,' continuously has been found to provide the constitutionally required level of notice in a situation demanding alternative service." *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.,* No. 12-cv-148-PWG, 2013 WL 12423808, at *2 (D.Md. Feb. 15, 2013).

Plaintiff proposes "mail and email" and omits the "nail." Mail and email alone will not suffice. The court will also require posting service on the door of the Rockville address and D.C. condominium. Plaintiff has shown that Ms. Alfonsi actively uses

the two email addresses he wishes to serve.  (ECF Nos. 9-9, 9-10, 9-11, 9-12).  Together, service via nail, mail, and email is "reasonably calculated to give actual notice" under Md. Rule 2-121(c).  *See LPUSA, LLC v. Wheelz Up Garage, Inc*., No. 24-cv-1385-DKC, 2024 WL 4252986, at *3 (D.Md. Sep. 20, 2024) (authorizing service by the same three methods).

Accordingly, service will be authorized on Ms. Alfonsi in her personal capacity and on behalf of Kisoly International by emailing Ms. Alfonsi copies of the Summonses and Complaint, and by mailing and leaving copies of the Summonses and Complaint at the Rockville address and D.C. condominium.

## III. Conclusion

Plaintiff has diligently attempted to serve Ms. Alfonsi and Kisoly International.  Defendants are evading service and further attempts would be futile.  Good cause exists to authorize alternative service.  Service may be effectuated by posting on the door of and mailing the Summonses and Complaint to the two addresses associated with Ms. Alfonsi, and by emailing the Summonses and Complaint to Ms. Alfonsi's two known email addresses.

For the foregoing reasons, Plaintiff's motion for alternative service of process will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

8