IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDRIC BELL                          :

                                      :

v.                                    :   Civil Action No. DKC 26-2120

                                      :

TERRY ALFONSI, et al.                 :

                                      :

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a motion for prejudgment attachment seeking a sweeping order directing the issuance of attachments and garnishments and directing the United States Marshal to levy on real property, accounts at Sandy Spring Bank/Atlantic Union Bank, Justice Federal Credit Union, Pentagon Federal Credit Union, and inventory, etc. at Kisoly International Corp., LLC. (ECF No. 14). He relies solely on the remedy provided in Md. Code Ann., Cts. & Jud. Proc. § 3-303(e)(2).

As pointed out by Defendants, § 3-304(b) of the Courts article limits the availability of attachment pursuant to § 3-303(e) to actions based on contract for liquidated damages.  Plaintiff's action does not qualify.  Plaintiff seems to think that case law has ignored-or abrogated-that provision.  He is incorrect.  The cases cited say exactly the opposite.  Plaintiff says:

> Since *Rahman* [*v. Oncology Associates*, 198 F.3d. 489 (4th Cir. 1999)], this Court has uniformly held that it has the power to issue asset-freezing            injunctions           under

> circumstances analogous to those presented here. *See, e.g., Arrendadora de Equipo y Maquinaria Especializada S.A. de C.V. v. Meukoua*, 2024 WL 4011985, *2 (D.Md. Aug. 2, 2024)[.]

(ECF No. 19 at 3).  While some relief was granted in those cases, it was under the umbrella of a preliminary injunction or temporary restraining order directed at a defendant, and not pursuant to Maryland law governing attachments before judgment.  Judge Chuang in fact held, in granting the temporary restraining order in *Arrendadora*, that garnishment or attachment was **not** available under Maryland law:

> Although [Plaintiff] relies more broadly on *Teferi* [*v. Dupont Plaza Assocs.*, 77 Md.App. 566 (1989)] and *Rahman*, those cases merely found that under Maryland law, a court has the authority to grant a preliminary injunction barring a defendant from dissipating assets . . . Indeed, in both *Teferi* and its predecessor case, *Levitt v. State of Maryland Deposit Ins. Fund Corp.*, [66 Md.App. 524 (1986)], the court found that it could not provide relief in the form of a prejudgment attachment because none of the statutory bases for the granting of such an attachment had been satisfied.

Order at 8, *Arrendadora*, No. 24-cv-1203-TDC (D.Md. July 15, 2024), ECF No. 22.  The later preliminary injunction opinion, cited by Plaintiff, noted:

> In addition to the preliminary injunction, [Plaintiff] also seeks prejudgment writs of garnishment and attachment of accounts and other property, including real property, owned by Defendants.  At the TRO stage, the Court denied this relief without prejudice to

2

renewal at the preliminary injunction stage if [Plaintiff] were to identify a basis in law by which such relief could be granted.  At the hearing, [Plaintiff] did not identify any new authority or basis in law by which the Court could grant such relief.  Accordingly, for the reasons stated in the TRO, which the Court incorporates by reference, the requests for a writ of garnishment and a writ of attachment will again be denied.  *See* TRO at 7-8.

*Arrendadora*, 2024 WL 4011985, at \*2 (D.Md. Aug. 2, 2024).

Plaintiff has filed a standalone motion for prejudgment attachment and does not engage at all with the analysis necessary for a preliminary injunction, save for one conclusory paragraph at the end of his reply brief.  Accordingly, it is this 23rd day of July, 2026, by the United States District Court for the District of Maryland, ORDERED that:

1.   The Motion for Prejudgment Attachment (ECF No. 14) BE, and the same hereby IS, DENIED; and

2.   The Clerk will transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                   /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge

3